### S·ꜰUEL M. BURNSIDE *vs*. DAVID T. BRIGHAM.

Where a defendant relies on his discharge under the United States bankrupt law of 1841, the plaintiff cannot avoid the discharge, by merely showing that the defendant, in his petition in bankruptcy, omitted to insert the plaintiff's name, &c. in the sworn list of creditors, and that, by reason of such omission, the plaintiff had no notice of the proceedings in bankruptcy, and could neither prove his claims against the defendant, nor oppose the granting of his discharge : In order to avoid such discharge, by reason of such omission, the plaintiff must show that the omission was wilful and fraudulent.

SHAW, C. J. This is an action of debt upon judgment, in bar of which, the defendant relies on his certificate of discharge under the United States bankrupt law of 1841, obtained in the

district of Missouri. The plaintiff, to avoid the effect of this discharge, with a plea of the general issue, undertook to show, that by the rules of the court of said district, in relation to matters in bankruptcy, every petitioner for the benefit of the act of congress was required to accompany his petition by a written statement of the name of each of his creditors, &c., and that it is further required that an officer of the court shall give notice, by mail, to every such creditor, &c. He further avers that said Brigham well knew the plaintiff's residence, and that he was a creditor to a large amount, and that he did not insert the plaintiff's name in his list of creditors ; by reason whereof, the plaintiff received no notice of the bankrupt's application, or of his petition for a discharge, and had no opportunity to show cause against its allowance, as he ought to have had.

The facts are not contested. The production of the record of the plaintiff's judgment shows that he was a creditor, and the record of the proceedings before the district court of Missouri shows that the plaintiff's name was not inserted in the schedule of the defendant's creditors, filed on oath by the defendant. Upon these facts, we are called upon to decide whether the defendant's discharge is valid.

The rules of the district court of Missouri, referred to in the plaintiff's notice, are produced ; and they do, as stated, prescribe the form of a petition, by which the bankrupt sets forth, that the list annexed is a true list of his creditors, their places of residence, and the amount due to each ; but the form of oath, also prescribed, requires him to swear that the matters therein stated are true " according to the best of his knowledge and belief." They also provide for the appointment of an officer, to give notice to each creditor.

These rules, however, do but carry out the provisions of the bankrupt act, which provides, § 1, that a petition for the benefit of that act shall set forth, " to the best of his knowledge and belief, a list of his creditors, their respective places of residence, and the amount due to each, verified by oath or affirmation." It also provides, § 4, that in all cases, (where an application is made by the bankrupt for a discharge,) if " the residence of

the creditor is known, service on him personally, or by letter addressed to him at his known usual place of residence, shall be prescribed by the court," &c.

It may therefore be considered that this obligation to file a true list of creditors, with their places of residence, and the amount due to each, is imposed by the bankrupt law, and not merely by the rules of the court administering it; and that the ordinary effect of a compliance with this duty would be to give each creditor notice of the proceedings, and an opportunity to oppose them, and so was intended as a benefit and security to creditors, and one on which they have a right to insist.

What then is the effect of the omission of the name of a creditor from the list? The certificate of discharge, when granted by the court of competent jurisdiction, is *primâ facie* evidence that the bankrupt has complied with all the requisites of the law entitling him to a discharge, and therefore is, *primâ facie*, a bar; and it is for the plaintiff to avoid it. Are the facts offered in the present case sufficient? The terms on which the discharge shall be granted, and its legal effect, are prescribed in the 4th section of the bankrupt law. He is to obey all orders, &c., and shall conform to all the requisites of the act. Such discharge is declared to be a complete bar to all previous debts proveable, &c., and to be conclusive evidence of the facts, unless impeached for some fraud, or wilful concealment of property.

The mere omission of the name of a creditor is not made by the statute a substantive ground for preventing or avoiding the discharge of the bankrupt; he is to set forth a true list "according to the best of his knowledge and belief." This the defendant did do in the present case, and such is the form of the oath by which he verified the list. The plaintiff then must go farther, and show that the omission was wilful and fraudulent, by showing that, contrary to his oath, he did know or believe that the plaintiff was a creditor, and wilfully or designedly omitted his name, because he apprehended opposition from the plaintiff, or from some other motive. But this depends upon facts not admitted and not appearing. If, indeed, it appeared that the

7 *

bankrupt did know or believe that the plaintiff was a creditor and wilfully omitted his name from the list, we might decide, as a conclusion of law from this fact, that the omission was fraudulent. But the fact is not shown. The record shows that the plaintiff now has a judgment; but the judgment may have been rendered in pursuance of some statute service on the defendant, which the law deems sufficient constructive notice to warrant a judgment, but which gives the defendant no actual notice: Or he may have supposed that the debt had been provided for, and satisfied from some other source.

But it is argued for the plaintiff, that although Brigham became bankrupt in a remote State, yet that he had recently gone from Worcester, and had constant correspondence with Worcester; that his transactions with the plaintiff were of so large and of such a character, that he must have known he was a creditor, and that therefore the omission of his name must have been wilful. But all this is matter of evidence very fit to be laid before a jury, to establish the fact; but before a court of law can act upon it as a fact, the plaintiff must aver and undertake to prove that the omission was wilful, and that the verification, that it was a true list according to the best of his knowledge and belief, was not true; and upon such issue of fact, it would be competent for the defendant to offer any explanatory or rebutting evidence. As the case stands, the court are of opinion, that the omission of the name of the plaintiff as a creditor does not render the discharge void, either as against the creditors generally, or as against the particular creditor omitted, and is not conclusive evidence of fraud, upon which the court can declare it void

*Judgment for the defendant*

*Burnside, pro se.*
*Thomas,* for the defendant.